## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON JAMES GIBSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0448-WS-M |
| | ) |
| MOBILE COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

The defendants removed this action to federal court on the basis of federal question jurisdiction.  (Doc. 1).  After removal, the plaintiff filed an amended complaint.  (Doc. 5).  The defendants acknowledge that, by virtue of the amended complaint, "Plaintiff has now dropped all claims based on Federal law and is pursuing claims based solely on State law."  (Doc. 6-1 at 2).[1]

The plaintiff may not by his unilateral act eliminate subject matter jurisdiction that existed at the moment of removal.  *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).  However, the removal of all claims over which the Court has original jurisdiction[2] requires the Court to consider whether to retain supplemental jurisdiction over the remaining claims.  *Id*.

The Court has jurisdiction over the remaining state-law claims only because they fall within the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367(a).  The Court is not required to exercise supplemental jurisdiction in all

---

[1] The original complaint alleged that the defendants unlawfully deprived the plaintiff of his legal rights "guaranteed to him by the Constitution and Laws of the United States."  (Doc. 1-1 at 3).  The amended complaint substitutes "the State of Alabama" for "the United States."  (Doc. 5 at 1).

[2] The parties are not of diverse citizenship, nor does it appear that the complaint or amended complaint demands recovery in excess of the jurisdictional amount.

cases.  In particular, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction …."  *Id*. § 1367(c)(3).

This language invests the Court with discretion to exercise, or not to exercise, supplemental jurisdiction.  *Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 743 (11th Cir. 2006).  In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like."  *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted).  However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."  *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).  This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  This preference is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages."  *Id*. at 350.

After considering the factors identified by the Supreme Court and the Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over the plaintiffs' state-law claims.  In such a situation, the correct disposition is remand.  *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010).

For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 13th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE